UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CIVIL ACTION NO: 2:21-cv-01707-BHH

| | |
|---|---|
| Hudson Specialty Insurance Company, <br><br> Plaintiff, <br><br> vs. <br><br> Jane Doe, Simi Hospitality, Inc., d/b/a Creekside Lands Inn and The Montford Group, LLC <br><br> Defendants. | **COMPLAINT FOR** <br> <u>**DECLARATORY JUDGMENT**</u> |

Plaintiff Hudson Specialty Insurance Company ("Hudson"), seeking a declaration of rights from this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, alleges as follows:

<u>**PARTIES**</u>

1.      Hudson is a corporation organized under the laws of the State of New York with its principal place of business in New York.

2.      Upon information and belief, Jane Doe is an individual over the age of eighteen and is a citizen and resident of Charleston, South Carolina.  She is prosecuting a lawsuit in the Charleston County Court of Common Pleas on April 22, 2021 captioned *Jane Doe, v. Natraj Enterprises, Inc. d/b/a Relax Inn and Suites; Simi Hospitality, Inc., d/b/a Creekside Lands Inn; The Montford Group, LLC* (2021-CP-10-01864) ("the Underlying Lawsuit") under a pseudonym in order to protect her privacy due to the sensitive and highly personal allegations involved.  She is represented by counsel in the underlying lawsuit and specifically alleged in her Complaint that "Plaintiff's Counsel will divulge her name to counsel for any Defendant upon request."  Plaintiff

is informed and believes that Jane Doe can be served through her counsel in the underlying action. Accordingly, Jane Doe is a real party who is a citizen and resident of the State of South Carolina sued under a fictitious name.

3.      Simi Hospitality, Inc., d/b/a Creekside Lands Inn ("Simi") is a corporation organized and existing under the laws of the State of South Carolina with its principle place of business in Charleston County, South Carolina.   Accordingly, Simi is a citizen of the State of South Carolina.

4.      The Montford Group, LLC ("Montford") is a Limited Liability Company organized and existing pursuant to the laws of the State of South Carolina with its principle place of business in Charleston County, South Carolina.  Upon information and belief, the only known member of the LLC is Pragnesh Patel, a citizen and resident of Charleston County, South Carolina. Accordingly, Montford, and its members are, upon information and belief, citizens and residents of Charleston County, South Carolina.

## JURISDICTION

5.      This Court has jurisdiction over this dispute by virtue of Title 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6.      Venue is proper in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which a Defendant resides, a substantial part of the events or omissions giving rise to the claim occurred within this district/division, and the underlying lawsuit giving rise to the claims at issue is pending in this district/division.

7.      There is an actual controversy between the parties such that a declaration of the parties' respective rights is proper under 28 U.S.C. § 2201.

TPGL 11199029v1

## FACTUAL BACKGROUND
### Underlying Lawsuit

8.      Jane Doe, a real party suing under a fictitious name, filed the Underlying Lawsuit in the Charleston County Court of Common Pleas on April 22, 2021.  In that Complaint ("the Underlying Complaint") (**Exhibit 2**), Jane Doe alleges that she was sexually exploited and/or trafficked and otherwise victimized at Defendants' hotel property in the years 2019 and 2020. Among the allegations in the Underlying Lawsuit are the claims that Defendants "rented rooms to traffickers when they knew, or should have known, were using their rooms to imprison, physically assault, and subject trafficking victims to repeated exploitation in sexual servitude." The Underlying Lawsuit seeks actual damages in an unspecified amount, consequential damages, punitive damages, attorneys' fees and costs, enhanced damages in an amount to be determined by the jury at trial, for the costs and disbursements of the action, and for such other and further relief as the Court deems is just and proper.

9.      The Underlying Lawsuit further alleges that Montford has been engaged in the "joint control, management and maintenance" of the hotel property owned and operated by Simi.

10.     Hudson is providing a defense subject to a full reservation of rights to Simi and Montford in the Underlying Lawsuit.

### Insurance Policies

11.     Hudson issued Commercial General Liability Policy Number HBD10040813 ("the Policy") to Simi Hospitality, Inc. d/b/a Creekside Lands Inn for the policy period of 09/04/2019 to 09/04/2020 with liability limits of $1,000,000 Each Occurrence, $2,000,000 General Aggregate and $1,000,000 Personal and Advertising Injury Limit for any one person or organization.  The Policy is attached as **Exhibit 1**.  Hudson craves reference to the entire Policy for its terms and conditions, but for convenience, highlights the following parts:

TPGL 11199029v1

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.** No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

4

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

**o. Personal And Advertising Injury**

"Bodily injury" arising out of "personal and advertising injury".

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.** No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

TPGL 11199029v1

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\* \* \*

**d. Criminal Acts**

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

\* \* \*

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

**2.** Each of the following is also an insured:

\* \* \*

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

## SECTION V – DEFINITIONS

\* \* \*

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

TPGL 11199029v1

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

The Policy also contains the following endorsements:

### EXCLUSION – ASSAULT AND/OR BATTERY

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**LIQUOR LIABILITY COVERAGE FORM**

This insurance does not apply to:

A. Any claims arising out of an assault and/or a battery; or

B. Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; and

C. Any claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing.

We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

### EXCLUSION – PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**LIQUOR LIABILITY COVERAGE FORM**

This policy excludes any claim for punitive or exemplary damages whether arising out of acts of the insured, insured's employees or any other person.

TPGL 11199029v1

This exclusion does not apply to policies delivered in the State of Texas.

## FOR A FIRST DECLARATION

12.    The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

13.    The Policy contains an Assault and/or Battery Exclusion Endorsement that provides as follows:

## EXCLUSION – ASSAULT AND/OR BATTERY

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
**LIQUOR LIABILITY COVERAGE FORM**

This insurance does not apply to:

A.  Any claims arising out of an assault and/or a battery; or

B.  Any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of you, your employees or volunteers, patrons or any other persons; and

C.  Any claims, accusations or charges of negligent hiring, placement, training or supervision arising from any of the foregoing.

We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

14.    Hudson requests the Court issue a declaration that all of the claims and/or damages alleged in the Lawsuit are excluded from coverage by the Assault and/or Battery Exclusion Endorsement and therefore the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Simi or Montford in the Underlying Lawsuit.

## FOR A SECOND DECLARATION

15.    The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

TPGL 11199029v1

16.    The Complaint in the Underlying Lawsuit describes Montford, in part as Simi's "manager."

17.    Hudson is informed and believes that Montford does not have any relationship with Simi other than that they share registered agents for service of process.

18.    Hudson is also informed and believes that Montford did not come into existence until the filing of its Articles of Organization with the South Carolina Secretary of State on December 4, 2020, after all or most of the allegations contained in the Complaint in the Underlying Lawsuit occurred.

19.    The Policy includes within the definition of "insured" the following:  "any organization while acting as your real estate manager."

20.    Hudson requests the Court issue a declaration that Montford is not an "insured" under the Policy and therefore, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Montford in the Underlying Lawsuit.

## FOR A THIRD DECLARATION

21.    The allegations in the preceding paragraphs are realleged as though repeated verbatim herein.

22.    To the extent that the Lawsuit seeks and/or recovers damages for "bodily injury" or "property damage" expected or intended from the standpoint of the insured, those damages are excluded by Section 1, Exclusion "a" of the Policy which reads as follows:

This insurance does not apply to:

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily

9

injury" resulting from the use of reasonable force to protect persons
or property.

23.    Hudson requests the Court issue a declaration that the damages alleged in the
Lawsuit constitute bodily injury expected or intended from the standpoint of the insured, and
therefore the Policy does not afford coverage for any claims or damages alleged in the Underlying
Lawsuit and Hudson does not have duties to defend or indemnify Simi or Montford in the
Underlying Lawsuit.

## **FOR A FOURTH DECLARATION**

24.    The allegations in the preceding paragraphs are realleged as though repeated
verbatim herein.

25.    Under the Policy, "bodily injury" arising out of "personal and advertising injury" is
excluded by Exclusion "o".   Similarly, under Section 2 (Personal and Advertising Injury),
"personal and advertising injury" caused by or at the direction of the insured with the knowledge
that the act would violate the rights of another and would inflict "personal and advertising injury"
are excluded as well as damages arising out of a criminal act committed by or at the direction of
the insured.

26.    Hudson requests the Court issue a declaration that to the extent the damages alleged
and/or proved in the Lawsuit constitute "bodily injury" arising out of "personal and advertising
injury," "personal and advertising injury" caused by or at the direction of the insured with the
knowledge that the act would violate the rights of another and would inflict "personal and
advertising injury" and/or damages arising out of a criminal act committed by or at the direction
of the insured, the Policy does not afford coverage for any such claims or damages alleged in the
Underlying Lawsuit, and Hudson does not have duties to defend or indemnify Simi or Montford
in the Underlying Lawsuit.

## FOR A FIFTH DECLARATION

27.    The Complaint in the Underlying Lawsuit includes a prayer for punitive damages. The Policy excludes any claim for punitive or exemplary damages whether arising out of acts of the insured, insured's employees or any other person.

28.    Hudson requests the Court issue a declaration that to the extent the Plaintiff is awarded punitive or exemplary damages, those damages are excluded under the Policy and not recoverable from Hudson.

WHEREFORE, Hudson prays:

a.    that the Court issue a declaration that Montford is not an "insured" under the Policy and therefore, the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Montford in the Underlying Lawsuit.;

b.    that the Court issue a declaration that the damages alleged in the Lawsuit constitute bodily injury expected or intended from the standpoint of the insured, and therefore the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Simi or Montford in the Underlying Lawsuit.;

c.    that the Court issue a declaration that to the extent the damages alleged and/or proved in the Lawsuit constitute "bodily injury" arising out of "personal and advertising injury," "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury" and/or damages arising out of a criminal act committed by or at the direction of the insured, the Policy does not afford coverage for any such claims

11

or damages alleged in the Underlying Lawsuit, and Hudson does not have duties to defend or indemnify Simi or Montford in the Underlying Lawsuit;

      d.      that the Court issue a declaration that all of the claims and/or damages alleged in the Lawsuit are excluded from coverage by the Assault and/or Battery Exclusion Endorsement and therefore the Policy does not afford coverage for any claims or damages alleged in the Underlying Lawsuit and Hudson does not have duties to defend or indemnify Simi or Montford in the Underlying Lawsuit.;

      e.      that the Court issue a declaration that to the extent the Plaintiff is awarded punitive or exemplary damages, those damages are excluded under the Policy and not recoverable from Hudson; and

      f.      that the Court award such other relief as this Court deems just and proper.

TURNER PADGET GRAHAM & LANEY, P.A.

/s/ John S. Wilkerson, III
John S. Wilkerson, III, Fed. ID No. 4657
40 Calhoun Street, Suite 200 (29401)
P.O. Box 22129
Charleston, South Carolina 29413
Telephone: (843) 576-2801
Facsimile: (843) 577-1649
Email: jwilkerson@turnerpadget.com

ATTORNEYS FOR HUDSON SPECIALTY INSURANCE COMPANY

June 8, 2021
Charleston, South Carolina

TPGL 11199029v1